UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DOUGLAS FRIEDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0583-CVE-PJC |
| | ) | |
| SHELTER MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court pursuant to defendant's Notice of Removal (Dkt. # 2). Plaintiff originally brought this action in the District Court of Creek County. Plaintiff's complaint seeks recovery under a homeowner's insurance policy with Shelter Mutual Insurance Company ("Shelter") and damages for Shelter's breach of the duty of good faith and fair dealing under the insurance contract, breach of contract, and negligence. In the complaint, plaintiff seeks actual and punitive damages in excess of $10,000.[1]

Shelter removed this action on the basis of diversity jurisdiction. Shelter contends that diversity jurisdiction is properly invoked here because it is a foreign corporation incorporated in

---

[1] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

Missouri with its principal place of business in Missouri, and plaintiff is a citizen of Oklahoma. Shelter further contends the federal jurisdictional amount in controversy is met, alleging that:

> Plaintiff is requesting damages in excess of Thirty-Thousand Dollars ($30,000) in their [sic] petition. Moreover, Shelter served Requests for Admission to the Plaintiffs [sic] on November 12, 2006. Request No. 1 stated: "Admit that you are not seeking damages in excess of $75,001.00, exclusive of interest, fees and costs in this action." Request No. 2 stated: "Admit you are seeking damages in excess of $75,000.00 exclusive of interest, fees and costs in this action." Plaintiff's response to each Request for Admission was identical. He stated:
>
>> Plaintiff objects to this Request for Admission as all that is required pursuant to 12 O.S. § 2008 is a demand for relief in excess of $10,000.00. Discovery is in the earliest of stages in this action and Plaintiff has not yet received the claims file from Defendant. As such, it is premature to determine the amount in controversy as it pertains to federal jurisdiction or otherwise.
>
> . . . . Plaintiff obtained the claim file through discovery on April 12, 2007 and deposed the claims adjuster in this case in August of 2007. However, Plaintiff has not fulfilled his duty under the Oklahoma Discovery Code to supplement his responses to Shelter's Request for Admissions pursuant to 12 O.S. § 3226. Plaintiff should not be allowed to benefit from evasive discovery responses and his refusal to abide by the rules of discovery.

Dkt # 2, at 1-2. Shelter cites no evidence other than plaintiff's refusal to respond to requests for admission to support its allegation that the amount in controversy requirement is satisfied.

Section 1447 requires that a case be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly;

where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis that a district court should undertake in determining whether an amount in controversy is greater than $75,000:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and

3

costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873. See Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

Shelter asserts that plaintiff refused to respond to requests for admission concerning the amount in controversy and that plaintiff failed to supplement his discovery responses. Shelter argues that the Court should construe plaintiff's unresponsive discovery answers as an admission that the amount in controversy exceeds $75,000. Local rules of civil procedure require a defendant to serve a discovery request upon the plaintiff, such as an interrogatory or request for admission, asking plaintiff to state whether he seeks more than $75,000 in damages. LCvR 81.3 (defendants must

attach discovery responses from at least one plaintiff as to the amount in controversy). The law is clear that defendant must still establish the amount in controversy by a preponderance of the evidence, even if plaintiff fails to provide adequate discovery responses. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Barber v. Albertsons, Inc., 935 F. Supp. 1188, 1191 (N.D. Okla. 1996). While plaintiff's refusal to provide discovery responses does not provide an independent basis for removal, it can be a factor in the Court's determination that the amount in controversy requirement is satisfied. Rubel v. Pfizer, Inc., 361 F.3d 1016, 1020 (7th Cir. 2004); Wilbanks v. North American Coal Corp., 334 F. Supp. 2d 921, 925-26 (S.D. Miss. 2004); Schwenk v. Cobra Mfg. Co., 322 F. Supp. 2d 676, 680 (E.D. Va. 2004).

In this case, Shelter relies solely on plaintiff's refusal to admit that the amount in controversy exceeds $75,000 and plaintiff's failure to supplement discovery responses. However, there is no objective evidence showing that the amount in controversy actually exceeds $75,000. If Shelter was dissatisfied with plaintiff's discovery responses, it should have filed a motion to compel in state court to obtain responses to its requests for admission. The fact that plaintiff refused to admit or deny that the amount in controversy exceeds $75,000 does not establish the jurisdictional amount by a preponderance of the evidence, because Shelter has failed to provide any type of economic analysis of plaintiff's claims in its notice of removal. Based upon a review of the record, the Court finds that Shelter has not met its burden as defined in Laughlin. Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter. As a result, the Court must remand this action to the District Court of Creek County.

**IT IS THEREFORE ORDERED** that the Court Clerk is ordered to remand this case to the District Court of Creek County.

**DATED** this 22nd day of October, 2007.

                                                CLAIRE V. EAGAN, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT